RICHARD H. GOLUBOW - State Bar No. 160434
rgolubow@winthropcouchot.com
GARRICK A. HOLLANDER - State Bar No. 166316
ghollander@winthropcouchot.com
JEANNIE KIM - State Bar No. 270713
jkim@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

Attorneys for Appellee, ISE Corporation

JEFFREY N. POMERANTZ - CA Bar No. 143717
jpomerantz@pszjlaw.com
SHIRLEY S. CHO - CA Bar No. 192616
scho@pszjlaw.com
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Attorneys for Appellee, the Official Committee of Unsecured Creditors of ISE Corporation

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>ISE CORPORATION, a California corporation,<br><br>Debtor.<br><br>MAXWELL TECHNOLOGIES, INC.,<br><br>Appellant,<br><br>v.<br><br>ISE CORPORATION,<br><br>Appellee. | Civil No. 3:11-cv-02704-L (NLS)<br><br>Bankruptcy Case No. 10-14198-MM11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLEES' MOTION TO DISMISS APPEALS FOR LACK OF APPELLATE JURISDICTION**<br><br>DATE: August 6, 2012<br>TIME: 10:30 a.m.<br>PLACE: Courtroom 14 - 5th Floor<br>United States District Court<br>Southern District of California<br>940 Front Street<br>San Diego, CA 92101-8900 |

**TO THE HONORABLE M. JAMES LORENZ, UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND MAXWELL TECHNOLOGIES, INC.:**

Appellees ISE Corporation ("ISE") and the Official Committee of Unsecured Creditors of ISE Corporation ("Committee," and together with ISE, the "Appellees") respectfully submit this memorandum of points and authorities in support of the Appellees' motion to dismiss ("Motion") the appeals ( "Appeals") filed by Maxwell Technologies, Inc. ("Maxwell" or the "Appellant") of:

1. The Memorandum Decision Regarding Motion to Enforce the Amended Order (A) Granting Debtor's Motion (1) Approving the Sale of Assets; and (2) Authorizing the assumption and Assignment of Certain Executory Contracts; and (B) Approving the sale Transaction and the Transaction Documents ("Maxwell Order"); and

2. The Order Approving Joint Motion for Order Approving Compromise of Controversy with Bluways USA, Inc. ("Bluways Order").

The Motion is based on the within memorandum of points and authorities, the declaration of Garrick A. Hollander ("Hollander Declaration") and the request for judicial notice, each filed separately in support hereof.

# I.

# INTRODUCTION

ISE is a debtor-in-possession in a chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Southern District of California, the Honorable Margaret M. Mann presiding ("Bankruptcy Court"). ISE sold substantially all of its assets to several purchasers at an auction, which sale was approved by sale order entered by the Bankruptcy Court. Bluways USA, Inc. ("Bluways") acquired the majority of ISE's assets. Under the sale order, ISE also agreed in principal to enter into a limited licensing agreement with Maxwell and a mutual general release, but subject to documentation and further Bankruptcy Court approval. However, before the documentation and further Bankruptcy Court approval occurred, several disputes arose between ISE and Bluways, which ultimately resulted in Bluways filing a complaint against ISE on the grounds that ISE possessed claims against Maxwell for patent infringement and that those claims should

have been sold to Bluways under the sale order. Bluways alleged that the failure to sell such claims to it was fraudulent. In addition, ISE discovered that significant claims to avoid and recover preferential transfers exist against Maxwell.

Maxwell filed a motion to compel ISE to enter into the mutual general release and to seek Bankruptcy Court approval of the same ("Maxwell Motion"), which the Bankruptcy Court denied. Maxwell appealed ("Maxwell Order Appeal") the order denying the Maxwell Motion (*i.e.*, the Maxwell Order).

Subsequently, ISE and Bluways resolved the Bluways complaint arising out of the Bluways purchase of assets in a settlement agreement. The settlement with Bluways provided, among other things, for payment of settlement proceeds, dismissal of a lawsuit, withdrawal of a claim and ISE's assignment of the disputed patent claims including claims against Maxwell that Maxwell attempted to compel ISE to waive via its Maxwell Motion. The Bankruptcy Court approved ISE's settlement agreement with Bluways, which Maxwell has also appealed ("Bluways Appeal").

The Appeals must be dismissed for lack of appellate jurisdiction because the Appeals have been rendered moot by events that occurred after entry of the Maxwell Order and the Bluways Order. Specifically, while Maxwell timely filed the Maxwell Appeal and the Bluways Appeal it never filed or sought a stay of the Maxwell Order or the Bluways Order pending resolution of the Appeals.

ISE, the Committee, Bluways and third parties irretrievably changed their respective legal positions in reliance on the Maxwell Order and the Bluways Order, by among other things:

- ISE entered into a settlement agreement and assignment agreement assigning the ISE estate's patent claims to Bluways including claims that were the subject of the Maxwell Motion;
- Bluways paid settlement proceeds to the ISE estate;
- ISE then subsequently distributed the settlement proceeds to third parties, who are not parties to this appeal, including counsel for ISE and counsel for the Committee, who placed such funds into their general operating accounts and did not segregate such funds;

- ISE cancelled an outstanding note due from Bluways and released claims based thereon against Bluways;
- Bluways dismissed with prejudice a pending lawsuit against ISE;
- Bluways withdrew its more than $3 million administrative claim against the ISE bankruptcy estate;
- Bluways entered into an agreement with a third party waiving certain valuable intellectual property claims against said party; and
- ISE, the Committee and Bluways provided mutual general releases to each other.

In short, ISE, the Committee and Bluways, have substantially if not fully consummated the settlement agreement and executed the transactions that are contemplated by it and the subject of the Bluways Order. Unwinding the Bluways Order is impossible as to the settlement proceeds, which have been disbursed to third parties who are not parties to the appeal. It is further impractical, inequitable and ineffective to unwind all of the other aspects of the Bluways settlement agreement. Further, as the Bluways Order resulted in a transfer of claims against Maxwell that are the subject of the Maxwell Motion and the Maxwell Order, this Court cannot fashion effective relief in favor of Maxwell for the Maxwell Appeal, because it would be impossible to "unscramble the egg."

Thus, the instant Appeals are constitutionally moot, *see Motor Vehicle Cas. Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir.2012) (where appellate court cannot grant to appellant any effective relief when deciding matter on the merits, appeal is moot) (citations omitted); *Pub. Util. Comm'n of the State of Cal. V. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996) (court must be able to grant effective relief, or it lacks jurisdiction and must dismiss appeal), and equitably moot, *see Lowenschuss v. Selnick (In re Lowenschuss)*, 170 F.3d 923, 933 (9th Cir.1999) (if case presents transactions so complex or difficult to unwind, then doctrine of equitable mootness applies). Therefore, mootness of the issues on appeal deprives this Court of jurisdiction and requires dismissal of the Appeals.

## II.

## STATEMENT OF FACTS[1]

On August 10, 2010 ("Petition Date"), ISE filed a voluntary petition under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court, styled In re ISE Corporation, and assigned case No. 10-14198-MM11.

Prior to the Petition Date, ISE was a developer, manufacturer and distributor of heavy duty hybrid-electric drive systems based on ISE's core proprietary technology. ISE and Maxwell had a business relationship dating back to 2001 pursuant to which the parties collaborated in research and development of certain technology and under which ISE purchased products from Maxwell for integration and assembly into ISE's products offered for sale by end users.

On December 22, 2010, ISE filed its motion seeking Bankruptcy Court authority to sell substantially all assets of its bankruptcy estate and related relief ("Sale Motion").

On January 11, 2011, an auction of the assets was conducted. At the conclusion of the auction, Bluways was the successful bidder of substantially all of ISE's assets except for certain assets sold to other parties and a release of claims against Maxwell, all of which was subject to further documentation and a separate motion requesting Bankruptcy Court approval.

On January 31, 2011, the Court entered the *Amended Order (A) Granting Debtor's Motion (1) Approving the Sale of Substantially All Assets of the Estate Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363; and (2) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (B) Approving the Sale Transaction and the Transaction Documents* [Docket No. 385] ("Sale Order").[2] The Sale Order approved a comprehensive series of agreements and transactions, including, without limitation: the Asset Purchase Agreement ("APA") entered into between the Debtor and Bluways; the Settlement Agreement entered into by and among ISE, Bluways, New Flyer Industries Canada ULC and New Flyer of America, Inc. (collectively, "New Flyer"), and the Committee; the License Agreement entered into between Bluways and New

---

[1] *See* Request for Judicial Notice in Support of Appellees' Motion to Dismiss Appeals for Lack of Appellate Jurisdiction ("RJN").

[2] Bankruptcy Court Docket No. 385, appended as Exhibit "1" to the RJN.

Flyer; and the sale of certain specified assets to Maxwell. However, as the sale of assets to Maxwell included a release of certain claims of the ISE estate against Maxwell, at Maxwell's request, and as required by Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), the sale of assets to Maxwell was subject to entry of order granting an appropriate motion to approve a compromise of controversy under Bankruptcy Rule 9019.

Pursuant to the APA and Sale Order, Bluways was obligated to pay to the ISE estate the following consideration for substantially all assets of the ISE estate: (i) $2,035,000 cash; (ii) $200,000 promissory note; (iii) $425,000 of collections on accounts receivable; and (iv) reimbursement of post-closing expenses advanced by the estate for the benefit of Bluways. In addition, Bluways agreed to cooperate in the delivery of certain intellectual property agreed to be provided by ISE and Bluways to New Flyer pursuant to the License Agreement, which would have resulted in the ISE estate receiving an additional $476,000.

Since the entry of the Sale Order, disputes arose between ISE and Bluways and ISE and Maxwell over the terms of the Sale Order.

While Bluways paid the estate $2,035,000, ISE asserted that Bluways refused to pay the balance owing to the estate and otherwise cooperate pursuant to the contractual obligations arising from the APA, License Agreement and Sale Order. Consequently, ISE asserted claims against Bluways arising out of Bluways' conduct in connection with the sale, including, but not limited to: failure to pay full consideration due to the estate, including reimbursement of expenses advanced by the estate for the benefit of Bluways; failure to complete delivery of the intellectual property to New Flyer pursuant to the License Agreement and Settlement Agreement entered into by and among Bluways, the Debtor and New Flyer; and interference with the estate's rights to certain assets excluded from the sale.

Bluways denied that the estate had any valid claims. Bluways, on the other hand, asserted against the estate claims allegedly arising from the APA, the conduct of the auction, and the assets sold to Bluways. To that end, on February 18, 2011, Bluways filed a motion to amend the Sale Order, which was denied by the Bankruptcy Court, and a complaint against ISE asserting fraud,

negligence and seeking declaratory relief related to the sale of assets ("Bluways Complaint").[3] Bluways also filed proof of claim no. 171 asserting an administrative claim in the amount of $3,035,000 based on the claims alleged in the Bluways Complaint.[4] ISE and the Committee denied any wrongdoing.

On July 22, 2011, Maxwell filed its *Motion to Enforce the Amended Order (A) Granting Debtor's Motion (1) Approving the Sale of Substantially All Assets of the Estate Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363; and (2) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (B) Approving the Sale Transaction and the Transaction Documents* ("Maxwell Motion").[5] ISE and the Committee filed opposition to the Maxwell Motion.[6]

On October 28, 2011, the Bankruptcy Court entered an order denying the Maxwell Motion ("Maxwell Order").[7] Thereafter, Maxwell timely filed an appeal of the Maxwell Order to this Court,[8] but did not file or seek, pursuant to Bankruptcy Rule 8005, a stay of the Maxwell Order pending appeal.

On January 26, 2012, ISE filed a motion to approve a compromise of controversy with Bluways resolving all claims between ISE, the Committee and Bluways, including the claims and causes of action alleged in the Bluways Complaint ("Bluways Settlement").[9]

The Bluways Settlement provided for, among other things:

- Bluways to pay ISE $150,000 to the ISE estate on account of a receivable owed to ISE by London Bus Services Limited;

---

[3] Bankruptcy Court Adversary Case no. 11-90204-MM, Adversary Docket No. 1, appended as Exhibit "2" to RJN.

[4] Bankruptcy Court Claims Docket No. 171, appended as Exhibit "3" to RJN.

[5] Bankruptcy Court Docket No. 573, appended as Exhibit "4" to RJN.

[6] Bankruptcy Court Docket Nos. 578, 579, 590, 591, 592 and 593, collectively appended hereto as Exhibit "5".

[7] Bankruptcy Court Docket No. 598, appended as Exhibit "6" to the RJN.

[8] Bankruptcy Court Docket No. 607, appended as Exhibit "7" to the RJN.

[9] Bankruptcy Court Docket Nos. 637 and 655, collectively appended as Exhibit "8" to the RJN.

- ISE and Bluways agreed to enter into a settlement agreement and assignment agreement through which ISE will transfer all of its rights to certain disputed patent claims, carving out only any avoidance claims against Maxwell;
- ISE to cancel and release all claims under the promissory note and security agreement given by Bluways under the Sale Order;
- Bluways to waive any Non–Intellectual property infringement claims against El Dorado National–California, Inc.
- Bluways to reimburse the Debtor for $106,903.33 for reimbursable expenses and transfer taxes;
- Bluways to dismiss the Bluways Complaint with prejudice and withdraw its proof of claim No. 171 filed against the estate;
- Bluways, the Debtor and the Committee to provide mutual general releases to the other, carving out claims against the Debtor's former counsel.

Maxwell opposed ISE's settlement with Bluways.[10] On April 13, 2012, the Bankruptcy Court entered an order approving ISE's settlement with Bluways ("Bluways Order") over Maxwell's opposition.[11] After entry of the Bluways Order, and in accordance with and reliance thereof, numerous actions were taken by the various settling parties and third parties to consummate the Bluways Settlement. These actions included:

- On April 18, 2012, Bluways paid to ISE $256,903.33, $150,000 of which was from the funds held in trust on account of the receivable owed by London Bus Services Limited and the balance thereof was for payment of $106,903.33 for reimbursable expenses and transfer taxes.
- Payments made by Bluways to ISE have been commingled with other estate funds and distributed to several holders of accrued administrative expenses of ISE's estate who are not parties to these Appeals;

---

[10] Bankruptcy Court Docket No. 651, appended as Exhibit "9" to the RJN.

[11] Bankruptcy Court Docket No. 680, appended as Exhibit "10" to the RJN.

- ISE and Bluways entered into an assignment agreement through which ISE transferred all of its rights to certain disputed patent claims, carving out only any avoidance claims against Maxwell;
- ISE canceled and released all claims under the promissory note and security agreement given by Bluways under the Sale Order, but since no UCC-1 financing statement was filed by ISE, there was no need to file a UCC-3 lien release;
- Bluways entered into an agreement effective as of May 10, 2012 waiving any Non–Intellectual property infringement claims against El Dorado National–California, Inc.;
- On May 4, 2012 Bluways withdrew its proof of claim No. 171 filed against the estate;
- By order entered on May 7, 2012, Bluways dismissed the Bluways Complaint with prejudice; and
- The mutual general releases between ISE, the Committee and Bluways became effective.

*See* Hollander Declaration.[12]

On April 19, 2012, Maxwell timely filed an appeal of the Bluways Order to this Court[13], but like the Maxwell Order, Maxwell did not file or seek, pursuant to Bankruptcy Rule 8005, a stay of the Bluways Order pending appeal. Maxwell's failure to obtain a stay of the Bluways Settlement Order allowed ISE, the Committee, and Bluways to consummate the Bluways Settlement and execute the contemplated transactions, which they and other third parties relied upon.

---

[12] As a general rule, appellate courts can only consider the record of appeal from the lower court. There are exceptions to the general rule including where developments may render a controversy moot and thus divest the appellate court of jurisdiction. *Lowry v. Barnhart,* 329 F. 3d 1019, 1024 (9th Cir. 2003). Consideration of new facts is mandatory, for example, when developments render a controversy moot and thus divest an appellate court of jurisdiction. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n. 23, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("It is the duty of counsel to bring to the federal [appellate] tribunal's attention, '*without delay,*' facts that may raise a question of mootness.").

[13] Bankruptcy Court Docket No. 685, appended as Exhibit "11" to the RJN.

On June 4, 2012, this Court entered an Order granting the Joint Motion of the Appellant and the Appellees to consolidate the Maxwell Order Appeal and the Bluways Order Appeal.[14]

**III.**

**WHERE THERE IS CONSTITUTIONAL OR EQUITABLE MOOTNESS NO ACTUAL CASE OR LIVE CONTROVERSY EXISTS AND THIS COURT LACKS JURISDICTION TO RULE ON THE APPEALS**

The Constitution limits federal courts' powers to "the adjudication of actual cases and live controversies." *Luckie v. E.P.A.*, 752 F.2d 454, 457 (9th Cir. 1985); U.S. Const. art. III, § 2, cl. 1. A case is moot on appeal if no live controversy remains at the time the court of appeals hears the case. *See GTE Cal., Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir.1994). "It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " *Church of Scientology v. United States,* 506 U.S. 9, 12, 113 S. Ct. 447, 449, 121 L.Ed.2d 313 (1992) (*quoting Mills v. Green,* 159 U.S. 651, 653, 16 S. Ct. 132, 133, 40 L.Ed. 293 (1895)).

Two doctrines determine whether there exists an actual case or live controversy: the doctrines of constitutional mootness and equitable mootness. *In re Thorpe Insulation*, 677 F.3d at 880. Real, or "constitutional," mootness exists if there is an "*inability* to alter the outcome," *In the Matter of UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir. 1994) (emphasis in original), and deprives the appellate court of jurisdiction to hear an appeal. Equitable mootness is discretionary and is essentially an "*unwillingness* to alter the outcome." *Id.* (emphasis in original).

**IV.**

**THIS COURT LACKS JURISDICTION TO ADJUDICATE THE APPEALS WHICH ARE CONSTITUTIONALLY AND EQUITABLY MOOT AND SHOULD BE DISMISSED AS NO EFFECTIVE RELIEF CAN BE GRANTED TO MAXWELL**

In this case, both constitutional and equitable mootness require this Court to dismiss both Appeals.

---

[14] Docket No. 22, appended as Exhibit "12" to the RJN.

An appeal is constitutionally moot if the appellate court cannot effect relief in the event of reversal. The test for whether such a controversy exists is "whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *Felster Publ'g v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005) (*quoting Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir.1986)); *Focus Media, Inc. v. Nat'l Broad. Co., Inc. (In re Focus Media, Inc.)*, 378 F.3d 916 (3d Cir. 2004); *In re Cont'l Airlines,* 91 F.3d 553, 558 (3d. Cir. 1996) (en banc); *Tungseth v. Mut. of Omaha Ins. Co.*, 43 F.3d 406, 408 (8th Cir.1994).

Appellate courts may find that a case on appeal is equitably moot because of the desire to assure finality of judgments in bankruptcy law. *See Onouli-Kona Land Co. v. Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988). Courts have held as moot appeals that "present transactions that are so complex or difficult to unwind that the doctrine of equitable mootness would apply," *In re Lowenschuss*, 170 F.3d at 933, or where "appellants … fail[] and neglect[] diligently to pursue their available remedies to obtain a stay [pending appeal] and … permit[] such a comprehensive change of circumstances … so as to render it inequitable … to consider the merits of the appeal." *Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.)*, 652 F.2d 793 (9th Cir. 1981). Where "reversal of the order … would knock the props out from under the authorization for every transaction that has taken place [and] would do nothing other than create an unmanageable, uncontrollable situation for the [b]ankruptcy [c]ourt," appellate courts will dismiss the appeal. *Id.* at 797.

The Ninth Circuit has held as moot appeals where the appellant failed to seek a stay pending appeal. *Popp v. Zimmerman (In re Popp)*, 323 B.R. 260 (B.A.P. 9th Cir. 2005) (*citing e.g., Ewell v. Diebert (In re Ewell)*, 958 F.2d 276 (9th Cir.1992) (appeal held moot because transfer of property had already occurred as of time appellant sought stay pending appeal); *Mann v. Alexander Dawson, Inc. (In re Mann)*, 907 F.2d 923, 925 (9th Cir. 1990) (appeal of order lifting automatic stay held moot for failure to seek stay pending appeal; secured creditor purchased property by credit bid); *Kaonohi Ohana, Ltd. v. Sutherland (In re Kaonohi Ohana, Ltd.)*, 873 F.2d 1302, 1306 (9th Cir.1989) (appeal of District Court order affirming Bankruptcy Court order ruling that contract for sale of land was executory and could be rejected by corporate debtor held moot in absence of stay

pending appeal, where debtor completed sale to third-party prior to disposition by Court of Appeals); *BC Brickyard Assocs., Ltd. v. Ernst Home Ctr., Inc. (In re Ernst Home Ctr., Inc.)*, 221 B.R. 243, 247 (B.A.P. 9th Cir. 1998) (transfer of real property after denial of Landlord's Committee's motion for a stay pending appeal)).

Here, while Maxwell timely filed its appeal of the Bluways Order Appeal it never filed or sought a stay pending appeal. With no stay pending appeal, ISE, the Committee, Bluways and third parties irretrievably changed their respective legal positions in reliance on the Maxwell Order and Bluways Order by consummating the following acts: (1) ISE entered into an assignment agreement assigning disputed patent claims to Bluways including claims that were the subject of the Maxwell Motion; (2) in consideration thereof, Bluways paid settlement proceeds to ISE; (3) ISE subsequently distributed those settlement proceeds to other third party administrative claimants; (4) ISE cancelled an outstanding note due from Bluways and released claims based thereon against Bluways; (5) Bluways dismissed a pending lawsuit against ISE with prejudice; (6) Bluways withdrew its almost $3 million administrative claim against the ISE bankruptcy estate; (7) Bluways entered into an agreement with a third party waiving certain valuable intellectual property claims against said party; and (8) ISE, the Committee and Bluways provided mutual general releases to each other.

ISE, the Committee and Bluways, have substantially if not fully consummated the settlement agreement and executed the transactions that are contemplated by it and the subject of the Bluways Order. Unwinding the Bluways Order is not only impossible as to the settlement proceeds, but also impractical, inequitable and ineffective.

Further, Maxwell seeks reversal or modification of the Maxwell Order on the grounds that the Bankruptcy Court erred in determining that there was no settlement to enforce or approve and that ISE and the Committee breached its obligations under the alleged settlement with Maxwell.[15] However, the Bluways Settlement provided, among other things, for ISE's assignment of certain disputed patent claims including claims against Maxwell that Maxwell attempted to compel ISE to

---

[15] Bankruptcy Court Docket No. 693, Maxwell's Designation of Record and Issues on Appeal, at 9, appended as Exhibit "13" to the RJN.

waive via its Maxwell Motion.

Maxwell did not file or seek, pursuant to Bankruptcy Rule 8005, a stay of the Bluways Order pending appeal. Maxwell's failure to obtain a stay of the Bluways Order allowed ISE, the Committee, and Bluways to consummate the Bluways Settlement and execute the contemplated transactions, which they and other third parties relied upon. As the Bluways Order resulted in a transfer of claims against Maxwell that are the subject of the Maxwell Motion and the Maxwell Order, this Court cannot fashion effective relief in favor of Maxwell for the Maxwell Appeal, because it would be impossible to "unscramble the egg."

Deciding the Appeals in Maxwell's favor will not grant Maxwell effective relief because ISE has already sold the claims at issue to a third party, Bluways. This Court should dismiss the Appeals on the grounds that this Court lacks jurisdiction to hear the Appeals which are constitutionally and/or equitably moot.

## V.

## CONCLUSION

For the foregoing reasons, the Appellees respectively submit that the relief prayed for herein should be granted and that the Court should dismiss Maxwell's Appeals, in their entirety.

DATED: July 9, 2012

**WINTHROP COUCHOT PROFESSIONAL CORPORATION**

By: */s/ Richard H. Golubow*
Richard H. Golubow
Garrick A. Hollander
Attorneys for Appellee ISE Corporation

DATED: July 9, 2012

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Shirley S. Cho*
Jeffrey N. Pomerantz
Shirley S. Cho
Attorneys for Appellee Official Committee of Unsecured Creditors of ISE Corporation

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled (*specify*): **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLEES' MOTION TO DISMISS APPEALS FOR LACK OF APPELLATE JURISDICTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 9, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert A Franklin**
  rfranklin@murraylaw.com
- **Richard H Golubow**
  rgolubow@winthropcouchot.com,vcorbin@winthropcouchot.com,pj@winthropcouchot.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) ________________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July, 9, 2012, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- **Stephen T.** O'Neill: soneill@murraylaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 9, 2012 | Viann Corbin | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |