UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ISE CORPORATION,<br><br>    Debtor.<br>_____<br><br>MAXWELL TECHNOLOGIES, INC.,<br><br>    Appellant,<br><br>v.<br><br>ISE CORPORATION and OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ISE CORPORATION,<br><br>    Appellees.<br>_____ | Civil No. 11cv2704-L(NLS)<br>            12cv1001-L(NLS)<br>**CONSOLIDATED**<br>Bankruptcy No. 10-14198-MM-11<br><br>**ORDER GRANTING MOTION TO DISMISS THE BANKRUPTCY APPEALS [doc. #25]** |

ISE Corporation ["debtor"] and the Official Committee of Unsecured Creditors of ISE Corporation move to dismiss the two bankruptcy appeals that Maxwell Technologies, Inc. has filed in this Court. The motion has been fully briefed and is considered on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1).

**I.     BACKGROUND**

Debtor ISE and Maxwell had a business relationship for many years with respect to the development of a product that would be a component of Debtor ISE's clean energy hybrid bus technology. On August 10, 2010, ISE filed a Chapter 11 bankruptcy petition by which time ISE had claimed that Maxwell had misappropriated debtor's intellectual property ("disputed

patents").

ISE sold substantially all of its assets to several purchasers with Bluways USA, Inc. acquiring the majority of ISE's assets at auction. Maxwell also put in a bid at the debtor's auction of assets that included a limited licensing agreement and a mutual general release. ISE accepted Maxwell's bid which was included in the order authorizing the sale of assets in the bankruptcy court.

Prior to the bankruptcy court's further approval of the sale order, Bluways filed a complaint against ISE that asserted that ISE possessed claims against Maxwell for patent infringement and those claims should have been sold to Bluways under the sale order.

Maxwell moved to enforce the amended order which included approving the sale of assets; authorizing the assumption and assignment of certain executory contracts; and approving the sale transaction and the transaction documents filed by Maxwell; and to enforce the sale order. As the bankruptcy court noted: "Maxwell appears to seek a ruling that 1) the Settlement [between Maxwell and ISE] was approved by this Court, and 2) the Debtor must bring the 9019 motion."[1] (Appellees' Request for Judicial Notice, Exh. 1.)[2]

---

[1] Federal Rule of Bankruptcy Procedure 9019 provides in relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

The Ninth Circuit held:

> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A&C Properties* 784 F.2d 1377 (9th Cir. 1986)

[2] Appellees seek judicial notice of three orders of the bankruptcy court and debtor's motion for order approving compromise of controversy with El Dorado. Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, a court may take judicial notice of filings in another case. *See Lee v. City of Los Angeles*, 250 F. 3d 668, 688-89 (9th Cir. 2001); *see also* FED. R.

In its ruling denying Maxwell's motion, the bankruptcy court found and concluded that the parties had not reached a final and complete settlement and therefore, the court had not approved the settlement agreement. The court also recognized that by its motion, Maxwell sought to have the 9019 motion brought before the bankruptcy court. But the court noted that the factors to be considered in approving the settlement, if it were to be brought in a proper 9019 motion, had already been considered and requiring the debtor to file the motion would be a useless act. The bankruptcy court's denial of Maxwell's motion ("Maxwell Order") lead to the filing of the first Maxwell appeal in this action.

Thereafter, Bluways and ISE agreed to resolve Bluway's complaint concerning its purchase of ISE's assets in a settlement agreement. The bankruptcy court entered an order approving ISE's and Bluway's joint motion for order approving compromise of controversy with Bluways, USA, Inc. ("Bluway Order"). The settlement agreement and approval order included ISE's assignment to Bluways of the disputed patent claims against Maxwell. Again, Maxwell appealed the decision of the bankruptcy court ("Bluways Appeal").

Although Maxwell's two appeals were timely brought, in neither instance did Maxwell seek a stay of the bankruptcy court orders pending their appeal. Appellees contend in the present motion that both appeals[3] are mooted by events that have occurred since entry of the Maxwell and Bluways Orders.

## II.   LACK OF APPELLATE JURISDICTION DUE TO MOOTNESS

Appellees contend that the appeal is moot because Maxwell failed to seek stays pending the appeals and there has been substantial consummation of the plan. As the Ninth Circuit has recently held in an appeal in the bankruptcy context, "we will not entertain an appeal if the case is moot." *In re Thorpe*, 677 F.3d 869, 879-80 (9th Cir. 2012). But the "party moving for dismissal on

---

EVID. 201(b)(2) ("[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Accordingly, the Court takes judicial notice of the exhibits presented by appellees.

[3]   The two appeals have been consolidated.

mootness grounds bears a heavy burden." *Id.* at 880 (quoting *Jacobus v. Alaska*, 338 F.3d 1095, 1103 (9th Cir. 2003)).

The *Thorpe* court noted that there are two mootness doctrines: one based on the United States Constitution, Article III, the other based in equity. *Id.* In the case of constitutional mootness, the focus is on whether there is an ability to alter the outcome in a manner that appellant can obtain effective relief. If [the appellate court] can grant such relief, the matter is not moot." *Id.* (quoting *Felster Publi'g v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005)(quoting *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986)). Under the facts of the *Thorpe* case, the Court found that the appeal was not constitutionally moot "because we could reverse plan confirmation or require modification of the plan thereby giving relief to Appellants." *Id.*

Much like *Thorpe*, the present appeals are not constitutionally moot because the plan confirmation could be reverse or some other modification of the plan could occur. The Court will next consider whether the appeals are equitably moot.

Equitable mootness derives from the policy that the finality of bankruptcy judgments should be able to be relied upon by debtors, creditors and third parties. *Id.* A bankruptcy appeal may become "equitably moot" when an appellant has failed or neglected to pursue diligently available remedies to obtain a stay of the objectionable orders of the bankruptcy court, thus permitting such a comprehensive change of circumstances to occur as to render it inequitable to consider the merits of the appeal. *Id.* "A party's failure to seek a stay may, by itself, render that party's claims equitably moot." *Stokes v. Gardner*, 2012 WL 1944552 (9th Cir. 2012)(citing *Trone v. Roberts Farms, Inc.* (*In re Roberts Farms, Inc.*), 652 F.2d 793, 798 (9th Cir.1981) ("If an appellant fails to obtain a stay after exhausting all appropriate remedies, that well may be the end of his appeal.").

In *Thorpe*, the Ninth Circuit reviewed tests from other circuits to determine whether an appeal is equitably moot:

> We endorse a test similar to those framed by the circuits that have expressed a standard: We will look first at whether a stay was sought, for absent that a party has not fully pursued its rights. If a stay was sought and not gained, we then will

look to whether substantial consummation of the plan has occurred. *Id.* at 881.

The appellants in *Thorpe* sought a stay pending appeal but the stay was not granted. Thus, the *Thorpe* court continued its analysis of "whether substantial consummation of the plan has occurred", the "effect a remedy may have on third parties not before the court," and "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court." *Id.* After reviewing these factors, the *Thorpe* court concluded the appeal was not equitable moot.

In *In re Keenan*, the appellant failed to seek a stay pending appeal. 467 B.R. 191, 196 (S.D. Cal. 2011). The district court found that "an appellant's failure to obtain a stay before appealing a bankruptcy court's award of fees does not by itself render an appeal equitably moot."
The distinction between failing to seek a stay and failing to obtain a stay appeared to be of little consequence to the court, however, because the *Keenan* court noted that disgorgement of fees and expenses "would not require the bankruptcy court to unravel a complicated bankruptcy plan." *Id.* at 197.

*Thorpe,* the Ninth Circuit's most recent discussion of the issue, stands for the proposition that "failure to *obtain* a stay does not require a conclusion of equitable mootness where parties use diligence in seeking the stay." *Thorpe*, 677 F.3d at 381 (emphasis added) (citing *In re Lowenschuss,* 170 F.3d 923, 933 (9th Cir. 1999)). But where, as here, appellant made no effort to obtain a stay of either of his appeals, his appeals are likely equitably moot. *Id.* ("A failure to seek a stay can render an appeal equitable moot.).

Nevertheless, even when a stay is not sought, application of equitable mootness is not automatic. *See e.g., In re Sylmar Plaza, L.P.,* 314 F.3d 1070, 1074 (9th Cir. 2002). In *Sylmar Plaza*, the court held that the appeal was not equitably moot even though the appellant did not seek a stay.  The court noted that the plan had been substantially consummated, but the appellant was seeking only monetary damages against solvent debtors. *Id.* Thus, there was a means to

fashion effective relief and there had not been a "comprehensive change in circumstances as to render it inequitable for the court to consider the merits of the appeal." *Id.*

The current case is in sharp contrast to *Sylmar Plaza*. Here, the Bankruptcy Court approved the Bluways Settlement finding that it was in the best interest of the estate and that the terms of the settlement would be effective upon approval of the settlement unless a court issued a stay pending appeal. Maxwell did not seek a stay and therefore, Bluways paid the settlement funds into the estate, dismissed its pending adversary complaint with prejudice and withdrew its claim. General releases were exchanged. And Bluways executed a release of claims in favor of El Dorado, which then paid $250,000 into debtor's estate. These funds were then co-mingled into Bluways general operating account and disbursed to administrative creditors including federal and state taxing authorities, and certain auditors, tax lawyers and estate professional. Accordingly, ISE has paid several third parties who are not parties to these appeals with funds from the Bluways Settlement.

Here, reversal of the Maxwell order and the Bluways order would certainly require the bankruptcy court to unravel a complex bankruptcy plan. Therefore, effective relief may not be afforded in this case to Maxwell without the unwinding of a complicated bankruptcy plan.

Further, Maxwell did not seek a stay for either of his appeals which allowed all the subsequent activity to occur to which Maxwell objects. Because Maxwell failed to pursue in any manner stays pending his appeals, it would be inequitable to reverse the orders appeal from and his appeals are equitably moot.

**B.    Conclusion**

Based on the foregoing, appellees' motion to dismiss the appeals is **GRANTED.** The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: October 9, 2012

> M. James Lorenz
> United States District Court Judge

///

1  / / /

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL/PARTIES